IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL ELLERY TORY, SR.,**

    Petitioner,

v.                                        Civil Action No. **3:03CV178**
                                          Civil Action No. 3:13CV758

**JACK LEE,**

    Respondent.

### MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 19, 2003, the Court dismissed a 28 U.S.C. § 2241 petition from Petitioner challenging his convictions for first degree murder, carjacking, attempted abduction, and two counts of use of a firearm in the commission of a felony. *See Tory v. Lee*, No. 3:03CV178 (E.D. Va. Dec. 19, 2003), ECF No. 12–13. Petitioner now submits a "Motion requesting an authorization order to file a second Writ of Habea[ ]s Corpus." (ECF No. 19.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive

labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

In his Motion, Petitioner "seek[s] relief on his wrongful conviction." (Mot. 1.) He attempts to bring a new claim pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) arguing that counsel rendered ineffective assistance with regard to the rejection of a plea offer. (Mot. 1–2.) Petitioner's challenge to the constitutionality of his conviction falls within the scope of 28 U.S.C. § 2254(a). *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion). Thus, the Court must treat Petitioner's Motion (ECF No. 19) as a successive § 2254 petition. The Court has not received authorization from the Fourth Circuit to hear Petitioner's successive § 2254 petition. Accordingly, the § 2254 Petition will be DISMISSED for WANT OF JURISDICTION.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A COA will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 11-13-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

3